IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FREDDIE ANN JACKSON, )
)
)
Plaintiff, )
)
v. ) Case No. CIV-08-335-FHS
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
)
Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Freddie Ann Jackson ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 14, 1952 and was 54 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a cook. Claimant alleges an inability to work beginning October 23, 2005 due to heart problems, hypertension, and obesity.

### Procedural History

On November 8, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et

3

*seq.*) and supplemental security income benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*). Claimant's application was denied initially and upon reconsideration. On May 18, 2007, a hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. By decision dated July 26, 2007, the ALJ found that Claimant was not disabled during the relevant period and denied Claimant's request for benefits. On July 18, 2008, the Appeals Council denied review of the ALJ's decision. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations. The ALJ also found that while Claimant could not perform her past relevant work, she had acquired skills which are transferable to other light work.

## Errors Alleged for Review

Claimant, acting *pro se* in this appeal, asserts the ALJ committed error in failing to find her combination of physical impairments rendered her disabled and incapable of performing other

4

light work.

### Review of the ALJ's Decision

Although her contentions of error are not set out in a particularly clear or concise manner, Claimant appears to challenge the ALJ's conclusion that her severe impairments do not restrict her ability to perform light work. In his decision, the ALJ found Claimant's Wolfe-Parkinson-White syndrome, atrial fibrillation, hypertension, and obesity constituted "severe impairments." (Tr. 13). He further found Claimant could perform light work except occasionally lifting and/or carrying 25 pounds, frequently lifting and/or carrying 10 pounds, standing and/or walking for at least 6 hours out of an 8 hour workday, and sitting for at least 6 hours out of an 8 hour workday. (Tr. 14).

Claimant first requests that this Court reaffirm the ALJ's finding as to which of her impairments are severe. Since this finding by the ALJ goes unchallenged, it is not subject to review.

Claimant next requests that findings as to her inability to perform her past relevant work be affirmed. Again, this finding was favorable to Claimant and is not challenged on appeal.

Claimant also objects to the ALJ's finding that she "is able to cook and sweep the floor" because she testified to the contrary. Claimant testified "I cook." Claimant also testified at the hearing that "I sweep the floor but I don't do no, like the mopping and all that. I don't do none of that." (Tr. 31). This Court

5

finds no error in the ALJ's findings in this regard.

Claimant challenges the ALJ's perceived reliance upon the opinion of Dr. Woodcock to reach his conclusions as to Claimant's RFC. However, the express statement by the ALJ in the opinion is "[a]lthough Dr. Woodcock is a non-examining physician, his opinion deserves some weight in a case like this in which there exists a number of other reasons to reach a similar conclusion." (Tr. 16). By this finding, the ALJ first found Dr. Woodcock's opinion to be supportive of a finding of non-disability but also found other evidence supported such a finding, thereby reducing the weight afforded to the opinion. This finding is nor erroneous in any way.

As a final argument, Claimant contends the fact she suffered a heart attack should lead to a finding that she suffers from a life threatening condition which could result in death and that the condition could be expected to last for a period not less than 12 months. Claimant's urged position is not supported by the law or the medical record. Claimant's conditions are considered stable by her treating physician and she was released for work. (Tr. 16, 171-219). As a result, this Court finds no error in the ALJ's decision and further finds it is supported by both the law and substantial evidence contained within the medical record.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore,

the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given ten (10) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE